UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TOMMIE SLACK | ) |
| | ) |
| Plaintiff, | ) CASE NO. C12-0541-RAJ-MAT |
| | ) |
| v. | ) |
| | ) REPORT AND RECOMMENDATION |
| JIM HAGGERTON, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

Plaintiff, proceeding *pro se* and *in forma pauperis* (IFP), submitted to the Court for filing a 42 U.S.C. § 1983 civil rights complaint. (Dkt. 7.) After directed to show cause why this matter should not be dismissed, plaintiff submitted a motion for voluntary dismissal, followed by a motion to strike the motion for dismissal and for an enlargement of time to respond to the Court's Order to Show Cause. (Dkts. 8-10.) The Court struck the motion for voluntary dismissal and granted plaintiff additional time to respond. (Dkt. 11.) The Court also reminded plaintiff of deficiencies in his proposed complaint, including, *inter alia*, that it appeared to be barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (where a § 1983 action implies the invalidity of a criminal conviction or sentence, the action may not proceed

REPORT AND RECOMMENDATION
PAGE -1

01 unless plaintiff first succeeds in overturning the underlying conviction or sentence through
02 direct appeal or a post-conviction type of proceeding).

03 Plaintiff now again seeks to voluntarily dismiss this case without prejudice pursuant to
04 Federal Rule of Civil Procedure 41(a)(1). (Dkt. 12.) Because the opposing parties have not
05 yet been served, this matter is appropriate for dismissal without a court order. Fed. R. Civ. P.
06 41(a)(1)(A)(i). However, at the same time as he requests dismissal, plaintiff seeks a stay of the
07 proceedings pursuant to Rule 62(b). (Dkt. 12.) He indicates his intention to file a personal
08 restraint petition in state court and requests that the Court stay these proceedings pending the
09 outcome of state proceedings so that he will not be forced to incur additional filing fees in again
10 seeking relief in this court. *See* 28 U.S.C. § 1915(b)(1) (requiring payment of filing fee in
11 partial payments for prisoners proceeding IFP).

12 Plaintiff's request for a stay of this matter should be denied. Rule 62(b), allowing for a
13 stay of proceedings to enforce a judgment pending the disposition of a motion, is inapplicable.
14 Further, a stay is not necessary or appropriate in this § 1983 case. For the reasons described in
15 the Court's Order to Show Cause, plaintiff's proposed complaint is subject to dismissal. (*See*
16 Dkt. 8.) In any event, plaintiff, in noting his intention "to challenge the fact or duration of his
17 confinement without having to refile a third time" (Dkt. 12 at 3), makes plain his intention to
18 pursue a 28 U.S.C. § 2254 habeas corpus petition in this Court should he not find relief in state
19 court. Plaintiff should, accordingly, initiate a habeas proceeding in this Court if he does not
20 succeed at the state level, rather than pursue a civil rights action. Plaintiff is further advised
21 that the provisions of 28 U.S.C. § 1915 requiring prisoners bringing civil actions to pay the full
22 filing fees, even if they are permitted to proceed IFP, do not apply to habeas proceedings.

*Naddi v. Hill*, 106 F.3d 275, 277 (9th Cir. 1997).  As such, in pursuing a habeas matter in this Court, plaintiff would pay no fee if he qualified for IFP status or would be required to pay only the $5.00 filing fee for a habeas action.

Given the above, the Court recommends that plaintiff's request for a stay be DENIED, that his request for voluntary dismissal be GRANTED, and that this matter be dismissed without prejudice.  A proposed order accompanies this Report and Recommendation.

DATED this <u>12th</u> day of June, 2012.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE -3